IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMUEL LEE HOPKINS, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 04 C 7124 |
| JOHN E. POTTER, Postmaster General, United States Postal Service | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Samuel Hopkins, a forty-nine year old former drug addict, has sued his former employer, the United States Postal Service (USPS), for employment discrimination based on his alleged disability. The defendant moves for summary judgment. For the reasons discussed below, the Court grants this motion in part and denies it in part.

Hopkins, who is *pro se*, bases his claim on two separate but related instances of employment discrimination. He contends that the USPS discriminated against him by terminating his employment in February 1996 and by refusing to reinstate him in December 1999. He contends that in both instances, the USPS discriminated against him because he was formerly addicted to drugs.

The Rehabilitation Act prohibits employment discrimination by federal agencies on the basis of an individual's disability. 29 U.S.C. § 791(g); 39 C.F.R. § 255.5; *Mannie v. Potter*, 394

1

F.3d 977, 982 (7th Cir. 2005).[1]  Individuals who have suffered from discrimination can sue for relief by following the procedures and requirements outlined in Title VII of the Civil Rights Act. 29 U.S.C. § 794a(1); 42 U.S.C. § 2000e-16(c).  One of the requirements is exhausting one's administrative remedies before bringing a federal suit.  *See McGuiness v. Postal Service*, 744 F.2d 1318, 1319 (7th Cir. 1984).

Even when reading the facts in the light most favorable to Hopkins, his claim of discrimination regarding his termination fails.  According to Hopkins, he filed an EEOC complaint in 1996.  The agency ruled against him, and he decided not to pursue an appeal or to file suit because he was depressed at the time.  Hopkins Dep. at 22-23.  As a result, any discrimination claim Hopkins had based on his termination expired years ago.  *See* 29 U.S.C. § 794a(1); 42 U.S.C. § 2000e-16(c).

Hopkins also claims that the USPS unlawfully discriminated against him based on his disability when it decided not to reinstate him in December 1999.  Hopkins can establish his claim of disability discrimination using direct or indirect evidence.  Because Hopkins presents no direct evidence of discrimination, we proceed to analyze his case using the indirect method. Under this approach, a plaintiff must establish a prima facie case of discrimination.  His employer must then articulate a non-discriminatory reason for the adverse employment action.  If the employer does so, the plaintiff must then prove that the proffered reason is a pretext for discrimination.  *Dyrek v. Garvey*, 334 F.3d 590, 598 (7th Cir. 2003).

---

[1]Hopkins does not reference a particular statute in his amended complaint; the government cites 29 U.S.C. § 794(d).  The Seventh Circuit, however, has held that 29 U.S.C. § 791(g) is the statutory basis for employees to bring discrimination suits; 29 U.S.C. § 794(d) is generally the basis for beneficiaries of federal programs to bring such suits.  *See Mannie*, 394 F.3d at 982.  The Court therefore analyzes this case under 29 U.S.C. § 791(g).

To establish a prima facie case of discrimination under the Rehabilitation Act, Hopkins must show that he was involved with a program that received federal financial assistance; he suffered from a disability as defined under the Act; he was denied a job for which he was otherwise qualified; and he was denied the job because of his disability. *See Branham v. Snow*, 392 F.3d 896, 902 (7th Cir. 2004). The parties agree that the USPS is a federally funded entity. For the purposes of summary judgment, the government also does not dispute that Hopkins – who is a former drug addict – is disabled or that Hopkins fails to meet the basic qualifications for reinstatement as an employee with the USPS.[2]

The main dispute, therefore, is whether Hopkins has offered evidence from which a reasonable jury could find that he was denied a job with the USPS because of his disability. Hopkins contends that the USPS must have denied him reinstatement due to his disability because two other individuals who were terminated for cause – Horace Brent and John Zanders – were reinstated. On the present record, it is unclear whether these individuals worked at the same facility as Hopkins; whether they worked in the same position as Hopkins; whether they were actually terminated for cause and if so, for what reason; and whether or not they were

---

[2] The government, which applies the standard for employment discrimination in the failure to hire context, essentially argues that Hopkins fails at this stage of the analysis. The government argues that Hopkins never applied for an open position at USPS, but rather only submitted a general application for reinstatement and thus cannot show that there was an open position for which he applied and was qualified. *See Milbrook v. IBP, Inc.*, 280 F.3d 1169, 1174 (7th Cir. 2002); Supp. Mem. at 3. The Supreme Court has long recognized, however, that the prima facie proof required of plaintiffs in employment discrimination cases will vary. *See McDonnell Douglas v. Green*, 411 U.S. 792, 802 n. 13 (1973). On a claim of failure to reinstate, Hopkins need only show that he continued to be qualified for his former position at the USPS. *See Sarullo v. U.S. Postal Service*, 352 F.3d 789, 797 (3rd Cir. 2003) (presuming terminated postal service employee remained qualified for reinstatement to his old position despite criminal and disciplinary history). A jury reasonably could find that Hopkins met this requirement.

disabled.

Under ordinary circumstances, the Court would grant the government's motion for summary judgment, as Hopkins has not provided evidence from which a jury reasonably could find that there were individuals who were similarly situated to him but were treated more favorably. Hopkins, however, claims that he was unable to obtain this information because the government did not respond to his discovery request for the names of individuals who were fired from the USPS and subsequently reinstated. The government contends that Hopkins' request, which is attached to his response, is a "discovery plan," not a "discovery request." The Court finds this reading of Hopkins's letter overly formulaic in light of his *pro se* status.

The Court therefore denies the government's motion for summary judgment on Hopkins's claim that the USPS discriminated against him based on his disability in refusing to reinstate him. The denial is without prejudice to refiling the motion following the government's compliance with Hopkins's discovery request. The Court orders the government to respond to Hopkins's request for discovery by January 20, 2006, but only to the extent he requests information about individuals who were fired for cause from the USPS and then rehired. The government is to provide the names and contact information for employees who have been terminated for cause and subsequently reinstated by the USPS in Chicago from January 1996 through January 2003. For each individual, the government is to provide their positions and facilities at termination and reinstatement; the reason for termination; and whether or not the person had a disability, including a drug or alcohol abuse-related disability.

**Conclusion**

The government's motion for summary judgment is granted in part and denied in part as stated above [docket no. 21]. The case is set for a status hearing on January 25, 2006 at 9:30 a.m.

                                              /s/ Matthew F. Kennelly
                                              MATTHEW F. KENNELLY
                                              United States District Court

Date: January 3, 2006